UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MATHEW WOODLEY TRIBAL TRUST DECENDANTS | CIVIL ACTION NO. 19-cv-1278 |
| VERSUS | CHIEF JUDGE HICKS |
| MARY R. GALLASPY CHARITABLE TRUST NO. 1, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

This civil action was filed by Jerry Woodley Thomas, who alleges that he is the trustee of The Descendants of Matthew Woodley Tribal Trust. Woodley alleges that the trust has an interest in DeSoto Parish property of which it has been deprived. The trust demands damages of more than $213 million. The named defendants are seven partnerships, corporations, and trusts that apparently hold interests in the property. For the reasons that follow, it is recommended that the complaint be dismissed because the federal court lacks jurisdiction over the asserted claims.

**Jurisdictional Review**

The trust is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over

the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

The trustee identifies himself as Jerry Woodley Thomas Aniyunwiya of the Moorish Clan El. The complaint begins with allegations about land patents and the rights of indigenous people. It eventually alleges Artha Woodley should have been declared owner of certain DeSoto Parish property in 2010, but a suit regarding that issue was abandoned. The trustee alleges that Matthew Woodley, an ancestor of the beneficiaries of the trust, once owned the property but never sold it to the defendants or anyone else.

**Diversity Jurisdiction**

The complaint was filed on a court-provided form. Trustee Thomas checked a box to indicate that the federal court could exercise jurisdiction over this case based on diversity of citizenship as provided in 28 U.S.C. § 1332. The statute would allow the court to exercise jurisdiction only if the citizenship of the trust is diverse from that of all defendants. That is because, for diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." Getty Oil Corp. v. Insur. Co. of NA, 841 F.2d 1254, 1258 (5th Cir. 1988).

Plaintiff is alleged to be a trust, and the "citizenship of a trust is that of its trustee." Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n. 6 (5th Cir. 2009); see also Baker Pile Driving & Site Work, LLC v. Ragnar Benson Construction, LLC, 2018 WL 7324889 (W.D. La. 2018). Thomas lists a mailing address for the trust in Louisiana, and the address on the envelope in which he mailed the complaint shows his address as Houston, Texas.

There is no indication that the trustee is a citizen of a state other than either Texas or Louisiana.

One of the defendants is Swepi LP, and it has been stated in other litigation before this court that Swepi is a citizen of Delaware and Texas. LeGrande v. Swepi LP, 13-cv-2529, Doc. 1, ¶ 5. Another named defendant is Jeems Bayou Production Corp., and the records of the Secretary of State reflect that it is a Louisiana corporation and, thus, a citizen of Louisiana pursuant to Section 1332(c)(1). It appears that the other five defendants are also likely citizens of either Texas, Louisiana, or both. Accordingly, the plaintiff has not set forth a factual basis for the court to hear the complaint based on diversity jurisdiction.

**Federal Question**

Plaintiff also checked a box to invoke federal question jurisdiction, which is governed by 28 U.S.C. § 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

The complaint makes references to due process and the constitution. Violations of the constitution are actionable under 42 U.S.C. § 1983, which provides a cause of action

for a constitutional violation committed by a person acting under color of state law (such as a policeman, town mayor, or a corrections officer). West v. Atkins, 108 S.Ct. 2250 (1988). All of the named defendants in this case are private companies, not state actors, so no Section 1983 claim could lie against any of them. "Private individuals generally are not considered to act under color of law" for purposes of Section 1983. Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005).

The complaint also alleges that the "[j]urisdiction of this court is invoked under The Zodiac Constitution ©AA222141 / Library of Congress, Washington, District of Columbia, Constitution / Treaty and laws of the Unites States Republic / : Treaty of Peace and Friendship 1786-1787." These are hallmarks of the Moorish citizen arguments that are often asserted by persons who contend they have special status stemming from their association with an alleged Moorish group that gives them special rights or somehow exempts them from prosecution for crimes or liability for debts.

One court described the Moorish argument as a "uniformly discredited and utterly baseless notion." Hall-El v. Craven, 2012 WL1067627, *7 (M.D. NC 2012). Such persons sometimes claim to belong to the Washitaw Empire. All such arguments, whether Moorish or Washitaw based, have been routinely dismissed as frivolous, fictional, baseless, and even delusional. El-Bey v. City of Charlotte, 2011 WL 4757653, *5-6 (W.D. NC 2011) (collecting cases); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D. N.J. 2011) (explaining the lack of validity of the Moorish arguments). The claims are similar to those asserted by believers in the sovereign citizen theories. Hill-El v. Johnson, 2018 WL 7324768, *1 (W.D. La. 2018), citing Wirsche v. Bank of Am., NA, 2013 WL 6564657, *2

(S.D. Tex. 2013) ("[t]hese teachings have never worked in a court of law—not a single time."). Some of the same frivolous filers have invoked the UCC, copyrighted their names, and asserted what is sometimes called the "redemptionist" theory in an effort to avoid legal responsibilities or impose illegitimate obligations on other persons. The Fifth Circuit has stated that this theory is "legally unfounded" and warrants dismissal. Mitchell v. Tarrant County Court of Law #1, 770 Fed. Appx. 701 (5th Cir. 2019).

The trust's references to the Zodiac Constitution or other alleged law supporting the Moorish theories do not provide a colorable federal claim. There is, therefore, no basis for federal question jurisdiction. There is no other apparent basis for the court to hear the complaint, so it should be dismissed for lack of subject matter jurisdiction. It is possible that the trust might be able to assert a state law claim regarding its rights in Louisiana property, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008).

**Sanctions Warning**

The federal court has limited resources and may structure sanctions as are necessary or warranted to preserve those resources, control the court's docket, and maintain the orderly administration of justice. Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Sanctions that may be imposed include a requirement that a party obtain judicial pre-approval for all future pro se filings, monetary sanctions, assessment of court costs, suspension of a party's right to proceed in forma pauperis until

all previous litigation costs are paid, or other appropriate sanctions.  Id.; Lay v. Anderson, 837 F.2d 231 (5th Cir. 1988); Mayfield v. Collins, 918 F.2d 560, 562 (5th Cir. 1991).

This case lacks any jurisdictional basis to be in federal court.  The court has explained this to litigants in similar cases, and those plaintiffs have sometimes ignored the explanation and returned to federal court to waste more court resources.  The trust and Mr. Thomas are both warned that they may be subjected to sanctions if either of them files another frivolous suit or pleading in this court.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of October, 2019.

Mark L. Hornsby
U.S. Magistrate Judge